S.D.N.Y.
22-mc-180

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-four.

**PRESENT:**

> **GERARD E. LYNCH,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

———————————————————————————

B&C KB Holding GmbH,

> *Petitioner-Appellee*,

v.

Goldberg Lindsay & Co. LLC, DBA Lindsay Goldberg, LLC, Michael Dees,

> *Respondents-Appellants*.

No. 23-1014
No. 24-887
**ORDER**

———————————————————————————

It is hereby **ORDERED** that (1) Appellants' motion to consolidate Case No. 23-1014 and Case No. 24-887 for all purposes is **GRANTED**; and (2) Appellants' motions for a stay pending appeal, *see* 2d Cir. 23-1014, doc. 109; 2d Cir. 24-887, doc. 7, are **DENIED**. Appellants' opening brief on issues presented by Case No. 24-887 is due on April 30, 2024; Appellee's brief is due on May 7, 2024; and Appellants' reply brief is due on May 10, 2024. The Court deems further oral argument in the consolidated appeal unnecessary.

Appellants seek a stay pending resolution of the appeal of (1) the district court's order granting B&C KB Holding GmbH's ("B&C's") 28 U.S.C. § 1782 application; and (2) the district court's subsequent denial of Appellants' motion to quash. We conclude that Appellants are unlikely to succeed on the merits of either appeal. As to their challenge to the district court's order granting B&C's Section 1782 application, Appellants are unlikely to succeed because they have not shown that B&C "is attempting to use foreign litigation as a ruse for obtaining discovery for use in other foreign proceedings." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (internal quotation

1

marks omitted). Given Appellants' failure to prove their pretext allegations and the relevance of the discovery sought by B&C to the Austrian criminal investigation, the district court's denial of the motion to quash was also likely not an abuse of discretion. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Nor are Appellants likely to succeed in their challenge to the district court's imposition of a limited use restriction, which falls well within its "broad grant of discretion." *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 143 (2d Cir. 2020). Accordingly, Appellants have failed to show that their "chance of success on the merits is more than a mere possibility," *DiMartile v. Hochul*, 80 F.4th 443, 456 (2d Cir. 2023) (internal quotation marks omitted), and we decline to issue the requested stay pending the resolution of the appeal.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court