# MANDATE

23-1014(L)
*B&C KB Holding GmbH v. Goldberg Lindsay & Co. LLC et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-four.

**PRESENT:**

> GERARD E. LYNCH,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

**IN RE MATTER OF THE EX PARTE APPLICATION OF B&C KB HOLDING GMBH FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. 1782 FROM GOLDBERG LINDSAY & CO. LLC D/B/A LINDSAY GOLDBERG AND MICHAEL DEES**

_____

**B&C KB Holding GmbH,**

*Petitioner-Appellee,*

**MANDATE ISSUED ON 07/17/2024**

|  |  |
|---|---|
| v. | No. 23-1014(L) |
|  | No. 24-887(con) |

**Goldberg Lindsay & Co. LLC, DBA Lindsay Goldberg, LLC, Michael Dees,**

*Respondents-Appellants.*

_____

| | |
|---|---|
| **FOR RESPONDENTS-APPELLANTS:** | Roman Martinez, Latham & Watkins LLP, Washington, D.C. (Brent T. Murphy, Latham & Watkins LLP, Washington, D.C.; Eric F. Leon, Jooyoung Yeu, Latham & Watkins LLP, New York, NY, *on the brief*). |
| **FOR PETITIONER-APPELLEE:** | Zachary D. Rosenbaum (Leif T. Simonson, *on the brief*), Kobre & Kim LLP, New York, NY. |

Appeals from judgments of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

2

Respondents-Appellants Goldberg Lindsay & Co. LLC and Michael Dees (together, Appellants) appeal from two judgments of the United States District Court for the Southern District of New York (Kaplan, *J.*), the first granting an application for discovery pursuant to 28 U.S.C. § 1782 filed by Petitioner-Appellee B&C KB Holding GmbH (B&C), and the second denying a motion to quash filed by Appellants. Section 1782 permits a district court, "upon the application of any interested person," to order a person within its jurisdiction "to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782(a). B&C, a private company based in Austria, filed a Section 1782 application seeking discovery from Appellants for use in a pending criminal investigation in Austria related to alleged misconduct at the European-based Schur group. B&C acquired Schur in 2021, a transaction facilitated in part by Appellants. Shortly after filing criminal complaints against several executives at Schur, B&C also commenced arbitration proceedings against related entities before a panel of the German Arbitration Institute (DIS).

Appellants opposed B&C's Section 1782 application below based primarily on the claim that the application was a ruse to obtain discovery for use in the German arbitration. The magistrate judge and district judge disagreed and

3

granted B&C's application, finding no evidence that B&C's asserted interest in the discovery for use in the criminal investigations was pretextual. Appellants timely appealed, renewing their pretext argument.

Shortly after appealing the district court's decision to grant the Section 1782 application, Appellants filed a motion to quash or narrow B&C's subpoenas, or alternatively for a use restriction. The magistrate judge denied the motion to quash but granted a limited use restriction. Specifically, the magistrate judge imposed a use restriction prohibiting B&C from using the requested discovery in the German arbitration without permission from the Austrian prosecutor. Appellants then filed objections to the magistrate judge's order, which the district judge subsequently overruled and denied. Appellants timely appealed, and we granted their motion to consolidate the two appeals.

For the reasons stated below, we conclude that the district court did not err in granting B&C's Section 1782 application and denying the motion to quash. Accordingly, the judgments of the district court are **AFFIRMED**. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

I. **B&C's Section 1782 Application**

Appellants' argument on appeal ultimately boils down to a single contention: that the district court erred in holding that B&C satisfied Section 1782's requirement that the discovery sought be "for use" in a qualifying foreign proceeding. 28 U.S.C. §1782(a). This is so, they argue, principally because B&C is using the criminal investigations as a pretext to obtain discovery for use in its ongoing German arbitration, which does not qualify independently as an eligible foreign proceeding under Section 1782, *see ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022). We disagree.

A district court considering a Section 1782 application proceeds in two steps. First, Section 1782 applicants must satisfy three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is *for use* in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)) (emphasis added).

If the district court determines that those three statutory requirements have been satisfied, it proceeds to step two where it "may grant discovery under § 1782 in its discretion . . . in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees*, 793 F.3d at 297-98 (cleaned up). To determine whether granting an application would further those aims, courts consider four non-exclusive factors that the Supreme Court articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004):

> whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*Mees*, 793 F.3d at 298 (quoting *Intel*, 542 U.S. at 264-65).

The Court reviews the district court's interpretation of the statutory requirements of Section 1782 *de novo* and its application of the *Intel* factors and decision to order discovery for abuse of discretion. *See Fed. Republic of Nigeria*, 27

6

F.4th at 147. "While the ultimate decision to grant or deny an application is discretionary, we have cautioned that courts are not free to read extra-statutory barriers to discovery into section 1782 under the guise of exercising their discretion." *Id.* at 148 (internal quotation marks omitted).

The principal dispute in this case concerns whether B&C's discovery application satisfied Section 1782's requirement that the discovery be "for use" in a foreign proceeding before a foreign tribunal. In agreement with the district court, we conclude that B&C's application satisfies the "for use" requirement. "This Court has addressed the 'for use' requirement on several occasions," and it has "focused in each on the *practical ability* of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017). Appellants here do not dispute that B&C has established that the requested discovery will be introduced and employed in the Austrian criminal investigation, and that B&C has the practical ability to introduce the materials sought into that investigation. Nor do they dispute that the Austrian criminal investigation is a qualifying foreign proceeding under Section 1782.

Rather, Appellants' sole contention is that B&C does not satisfy the "for use" requirement because the real or primary purpose of the Section 1782 application is to obtain discovery for use in the German arbitration, not the criminal investigations. We disagree for two reasons.

First, Appellants' argument is foreclosed by Circuit precedent. We have held that "Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *Id.* at 135. However, Section 1782 "entrusts to the district courts many decisions about the manner in which discovery under the statute is produced, handled, and used." *Id.* at 134. So, for instance, confronted with the possibility that "perversely incentivize[d] parties [would] . . . institute sham litigation as a cover to obtain Section 1782 discovery," we explained that a party could present evidence to the district court that the Section 1782 "applicant is attempting to use foreign litigation as a ruse for obtaining discovery for use in other foreign proceedings," so the district court could decide whether there was good cause to deny the application or to enter a protective order. *Id.* at 135 (internal quotation marks omitted). Whether a protective order or use restriction is appropriate, however, falls within

the court's "broad grant of discretion." *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 143 (2d Cir. 2020). Likewise, we have entrusted district courts to "weed out abusive Section 1782 applications" in their "discretionary review" of applications that satisfy the statutory criteria. *Accent Delight*, 869 F.3d at 136; *see also id.* at 133 ("[E]ven if the statutory requirements are met, a grant of discovery under Section 1782 remains within the discretion of the district court and therefore its misuse can be avoided through the prudent exercise of that court's discretion."). These decisions establish that allegations of pretext are appropriately analyzed when the district court exercises its discretion to grant or deny an application and/or considers whether a use restriction is appropriate, not—as Appellants assert—when it considers whether an applicant has satisfied Section 1782's statutory "for use" requirement.

Appellants object that, following the Supreme Court's decision in *ZF Automotive US*, discovery for use in a private commercial arbitration—like the German arbitration proceeding in this case—does not satisfy Section 1782's statutory requirements. But *ZF Automotive* is inapposite. To start, the Supreme Court's decision in *ZF Automotive* did not even address Section 1782's "for use" requirement. Instead, the Court there held that a private commercial arbitral

9

panel plainly does not "qualify as a governmental body" under Section 1782. *ZF Automotive*, 596 U.S. at 633. That holding, however, doesn't change the undisputed fact that the Austrian criminal investigations plainly *are* qualifying proceedings that involve a governmental body under Section 1782.[1] And we find nothing in *ZF Automotive* that contradicts our prior precedent that Section 1782 "does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *Accent Delight*, 869 F.3d at 135.

Second, even assuming *arguendo* that allegations of pretext are relevant to the "for use" requirement, we agree with the district court's finding that Appellants have failed to establish pretext on B&C's part. Appellants point to a litany of facts that purportedly prove that B&C is using the Austrian criminal investigations as a pretext to obtain discovery for the German arbitration proceedings, but none are compelling. They first cite the fact that B&C has never disavowed its intention to use any discovery obtained in the German arbitration.

---

[1] It also bears mentioning that, prior to *ZF Automotive*, our Circuit had long accepted that private arbitration does not qualify for Section 1782 discovery, *see In Re Guo*, 965 F.3d 96, 102-05 (2d Cir. 2020) (citing *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184 (2d Cir. 1999))—yet another reason *ZF Automotive* does not change our analysis.

But as discussed, our Circuit's precedent does not impose such a blanket use restriction. *See id.* (explaining that Section 1782 does not "by its own terms prohibit[] successful applicants from using the documents elsewhere").

Appellants argue next that the close match between the discovery B&C requests and the claims B&C seeks to prove in arbitration is proof of pretext. But we agree with the magistrate judge that "any overlap between the requested discovery and the documents identified in B&C's document preservation notice is readily explained by the fact that the foreign criminal investigations and the arbitration concern common underlying facts involving the same alleged wrongdoing," namely the "gross misstatement of financials" and "misappropriation of company assets." 23-1014 Spec. App'x at 12 (citing App'x at 612, 651); *see also* 23-1014 Spec. App'x at 17 ("Although the requests in the subpoenas are numerous, each request is targeted at a topic relevant to the criminal investigations."). And, in any event, we have held that to satisfy Section 1782's "for use" requirement, an applicant need only show that "the evidence is *minimally* relevant to the foreign proceeding." *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024) (emphasis added). There is no question that B&C's discovery application clears that low hurdle.

11

Relatedly, Appellants object that prosecutors in the Austrian criminal investigations have not expressed support for B&C's discovery application. But our Court has never interpreted the "for use" condition as requiring a letter of interest from a foreign official.[2] Instead, the "for use" condition is about an applicant's "practical ability to inject the requested information into a foreign proceeding," *Accent Delight*, 869 F.3d at 132, which B&C has established here, *see* 23-1014 App'x at 37 (attesting to the fact that the Austrian "[p]rosecutor will be obligated to consider any evidence submitted").

Appellants argue finally that the four-month gap between the commencement of the foreign criminal proceedings and B&C's filing of the discovery application is yet another sign of pretext. That too is unpersuasive. As the magistrate judge observed, "there are many innocuous reasons that explain away such a short delay as occurred here, including that there may have been reasons specific to the Austrian and German criminal proceedings to not immediately seek Section 1782 assistance from this Court." 23-1014 Spec. App'x

---

[2] Indeed, we have cautioned district courts not to "condition discovery on an overt expression from the foreign [tribunal] that it wants or needs the information" sought by a Section 1782 application. *Mees*, 793 F.3d at 304.

12

at 10. We agree and conclude, in short, that Appellants' allegations of pretext are baseless.

In the alternative, Appellants reassert their pretext allegations to argue that the district court abused its discretion by determining that the four *Intel* factors weigh in favor of granting B&C's application. For largely the same reasons discussed above, we conclude that the district court did not abuse its discretion in applying the *Intel* factors. B&C has demonstrated that the discovery sought will be considered by Austrian prosecutors and courts; that its Section 1782 application is not a mere ruse to circumvent discovery restrictions; and that its discovery requests were appropriately targeted to the subject matter of the criminal investigations at issue.

Accordingly, the district court did not err by granting B&C's Section 1782 application.

## II.   Appellants' Motion to Quash and Use Restriction Request

In their second appeal, Appellants challenge the district court's denial of their motion to quash. Here again, we find no error in the district court's judgment. "A district court's ruling on a motion to quash a subpoena is reviewable for abuse of discretion." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117

13

(2d Cir. 2010). Given Appellants' failure to prove their pretext allegations and the relevance of the discovery sought by B&C to the Austrian criminal investigation, the district court's denial of the motion to quash or narrow B&C's subpoenas was not an abuse of discretion.

Nor was the district court's imposition of a limited use restriction, which falls well within its "broad grant of discretion." *Sampedro*, 958 F.3d at 143. We have previously upheld a district court's decision not to impose any use restriction that would prevent an applicant from using Section 1782 discovery in a non-qualifying foreign arbitration—Appellants' exact request here—"given the absence of evidence that [the applicant's] request for discovery for the [qualifying proceeding] is merely a ruse for obtaining evidence to use in that [non-qualifying] Arbitration." *Id.* at 144 (internal quotation marks omitted). Affirming the district court's decision, our Court described the refusal of a use restriction as "wholly justified." *Id.*

The same is true here. Appellants have failed to establish that B&C's request for discovery for the Austrian criminal investigation is merely a ruse for obtaining evidence to use in the German arbitration. Even still, the district court went out of its way to fashion a limited use restriction that took account of

14

Appellants' concerns while preserving B&C's ability to use the discovery elsewhere. That use restriction limits B&C's ability to use its Section 1782 discovery in the German arbitration absent prior approval from the Austrian public prosecutor. *See* 24-887 App'x at 2262-63. We conclude that the district court's decision to impose such a restriction was a "prudent exercise of [its] discretion" to "prescribe the practice and procedure" of discovery production. *Accent Delight*, 869 F.3d at 133-34 (internal quotation marks omitted).

Unable to muster evidence of pretext, Appellants argue finally that the district court's decision not to grant a broader use restriction rested on its erroneous belief that it lacked the legal authority to do so. We disagree. In rejecting Appellants' request for a broader use restriction, the magistrate judge reiterated its belief that "there's no evidence . . . that B&C has used the Austrian criminal investigation as a ruse for gaining discovery for use in the foreign arbitration." 24-887 Sealed App'x at 2258. As we have explained, that finding alone is sufficient to support the district court's decision not to enter a broader use restriction.

Indeed, when Appellants asked for additional clarification, the magistrate judge elaborated that it was endorsing B&C's argument that a limited use

15

restriction would best "align[] with the twin aims of Section 1782." *Id.* at 2262-63. We detect no error in the district court's reasoning here. Our precedent is clear that Section 1782, on its own, "does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere[.]" *Accent Delight*, 869 F.3d at 135. We have also advised that "courts are not free to read extra-statutory barriers to discovery into section 1782 under the guise of exercising their discretion." *Fed. Republic of Nigeria*, 27 F.4th at 148 (internal quotation marks omitted). Applying these principles, we have previously held that although a district court has broad discretion in this area, it abuses that discretion when it concludes that an applicant's discovery request is inconsistent with the aims of Section 1782 solely based on the possibility that the applicant would use the lawfully obtained material in a separate foreign proceeding. *See id.* at 158-60.

With no evidence of pretext, then, the district court was correct to deny Appellant's request for a blanket use restriction prohibiting B&C from using discovery obtained in the Austrian investigation in the German arbitration because doing so would impose an extra-statutory barrier inconsistent with the aims of Section 1782.

16

\*　　\*　　\*

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgments of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

17

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit